Dear Mr. Altazan:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask if it is permissible for a deputy tax assessor to also own and operate an accounting practice?
Louisiana Revised Statute 42:61 declares the policy considerations which underlie the prohibitions on dual office holding. This statute is as follows:
 § 61. Declaration of policy
 A. It is essential to the maintenance of a democratic society that public officials and employees perform the public business in a manner which serves to promote and maintain in the general citizenry a high level of confidence and trust in public officials, public employees, and governmental decisions. The attainment of this end is impaired when a public official or employee holds two or more public offices or public jobs which by their particular nature conflict with the duties and interests of each other. The attainment of a high level of confidence and trust by the general citizenry in public officials, employees, and governmental decisions is further impaired by the excessive accumulation of governmental power which may result from public officials or employees holding two or more public offices or public jobs.
 B. It is the purpose of this Part to implement a policy which will serve to maintain a high level of trust and confidence by the general citizenry in public officials, employees, and governmental decisions of the government of this state and of its political subdivisions by defining and regulating dual employment and by defining, regulating, and prohibiting dual office holding. *Page 2 
It is apparent from a reading of this statute that employment with a public office and ownership of a private accounting practice does not constitute dual office holding.
Additionally, the Louisiana Code of Governmental Ethics is found in La. R.S. 42:1101 et seq. The policy considerations underlying this Code are found in Section 1101 which is as follows:
 § 1101. Declaration of policy
 A. Whereas the people of the state of Louisiana have in Article X, Section 21 of the Louisiana Constitution mandated that the legislature enact a code of ethics for officials and employees of this state and its political subdivisions, the legislature does hereby enact a Code of Governmental Ethics.
 B. It is essential to the proper operation of democratic independent and impartial; that governmental decisions and policy be made in the proper channel of the governmental structure; that public office and employment not be used for private gain other than the remuneration provided by law; and government that elected officials and public employees be that there be public confidence in the integrity of government. The attainment of one of more of these ends is impaired when a conflict exists between the private interests of an elected official or a public employee and his duties as such. The public interest, therefore, requires that the law protect against such conflicts of interest and that it establish appropriate ethical standards with respect to the conduct of elected officials and public employees without creating unnecessary barriers to public service. It is the purpose of this Chapter to implement these policies and objectives.
Since it is difficult to anticipate all instances in which the accounting firm owned by your deputy tax assessor may be engaged, it is strongly suggested that the deputy tax assessor become familiar with the code of Governmental Ethics. It is also strongly suggested he ask the Louisiana Board of Ethics for an opinion on any activities or transactions that may be questionable, particularly any dealing his firm may have with your parish. *Page 3 
In summary, we do not find dual office holding and do not have enough information to determine if your deputy tax assessor may have conflicts of interest. These will need to be addressed on a case-by-case basis.
We trust we have sufficiently answered your question. However, if you should need anything further do not hesitate to contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: _______________________
 FRANCES J. PITMAN
 ASSISTANTATTORNEY GENERAL